**Vezir ISMAILI, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.**

**No. 08–3712–ag.**

United States Court of Appeals, Second Circuit.

Sept. 10, 2009.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Janice K. Redfern, Senior Litigation Counsel, Elizabeth Young, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Vezir Ismaili, a native and citizen of Macedonia, seeks review of a June 30, 2008 order of the BIA affirming the December 6, 2006 decision of Immigration Judge ("IJ") Lawrence N. DiCostanzo, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vezir Ismaili,* No. A78 279 766 (B.I.A. June 30, 2008), *aff'g* No. A78 279 766 (Immig. Ct. Hartford Dec. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d

281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The IJ did not err in finding that Ismaili failed to establish his eligibility for relief. With respect to his past persecution claim, we find no error in the IJ's conclusion that the search of the home of Ismaili's parents for weapons did not rise to the level of past persecution.[2] *See Ivanishvili v. U.S. Dep't,* 433 F.3d 332, 342 (2d Cir.2006).

Because Ismaili did not establish that he suffered past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Moreover, the agency properly found that conditions in Macedonia had changed for the better with respect to the treatment of ethnic Albanians. The 2005 Country Report on Human Rights Practices in Macedonia indicated "some progress was made" between Albanian and Macedonians despite existing tension. The BIA also observed that Ismaili's fear of returning was undermined by the fact that his parents continue to "live in the same town in Macedonia without indication of problems." *See* 8 C.F.R. §§ 208.13(b)(1)(i)(A), 208.13(b)(2); *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Accordingly, substantial evidence supports the agency's finding that Ismaili failed to demonstrate that he has a well-founded fear of future persecution.

Ismaili's inability to show the objective likelihood of persecution needed to make out an asylum claim rendered him unable to meet the higher standard required to succeed on a claim for withholding of removal where both claims rested on the same factual predicate. *See* 8 C.F.R.

---

2. We decline to consider any argument regarding the Macedonian government's alleged desire to conscript Ismaili into the military because he made no such claim before the agency. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007)

§ 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, the IJ properly denied Ismaili's request for CAT relief after properly concluding that the evidence Ismaili submitted was insufficient to demonstrate that he would more likely than not be tortured if returned to Macedonia. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 157–158 (2d Cir.2005).

For the foregoing reasons, the petition for review is hereby DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.